ESTHER LEWIS, RESPONDENT, v. M. & V. MOTOR COM-
PANY AND ANTHONY MANZO, APPELLANTS.

FRANKLIN LEWIS, RESPONDENT, v. M. & V. MOTOR COM-
PANY AND ANTHONY MANZO, APPELLANTS.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Donohue & O'Brien.*

For the respondents, *Addison P. Rosenkrans.*

PER CURIAM.

These were automobile accident cases in which verdicts
were awarded to the plaintiff Esther Lewis for personal in-
juries, and to her husband, Franklin Lewis, for loss of
services and expense of curing her. The accident happened
about eight-fifteen on the evening of October 21st, 1927, and
was caused by the automobile driven by Franklin Lewis col-
liding with a bus of the defendant. Motions were made for
direction of a verdict and refused. The defendant Manzo
alone appeals, setting forth as ground for reversal that the
court should have found for the defendants.

We think the cases, tried without a jury, presented ques-
tions of fact for the trial judge. The plaintiffs' evidence
showed that they were proceeding on their proper side of the
road at approximately thirty miles an hour, and suddenly

came upon the unlighted remains of the defendant's burned bus. The car collided with it, caught fire and was in turn destroyed. Both plaintiffs were injured.

The evidence of the defendant Manzo was that the bus caught fire about six-thirty o'clock in the evening; that he left it on the road to get a wrecking car; that he got back just about the time of the accident and that the bus was then still burning.

These conflicting proofs simply raised an issue of fact for the trial judge. From these he could conclude that at the time of the accident the fire had gone out and that it was negligent for the driver to have left the burning bus without guard or light, knowing that when the fire ceased burning the bus would remain a menace to other users of the highway.

Whether the plaintiffs were guilty of negligence presented a fact question as to the plaintiff Franklin Lewis, and possibly as to Mrs. Lewis. Certainly the court could not say, as matter of law, that such negligence existed.

The judgments are affirmed.